LEMMON, Judge
(concurring).
Judgment should not have been rendered on this record, which is deficient in proof of the husband’s ability to pay alimony and child support.[1] since the husband caused this deficiency by refusing to comply with the subpoena, the better procedure would have been a short continuance, with consideration given to assessing attorney’s fees against the husband whose noncompliance caused the first trial to be wasted. Alternatively, the trial court could have set an arbitrary award, based on the husband’s 1974 earnings (since the evidence demonstrated his ability to earn that amount), thus placing the onus on the husband to come in with evidence of current circumstances.
Nevertheless, I concur in the remand, since the trial court can remedy any inequity, if the evidence justifies it, by making a retroactive award, or by assessing attorney’s fees, or by similar appropriate action.

. The deficiency in the wife’s proof as to need can be credited to the facts that the couple had been separated for less than one month, that she had no income, and that the family was living with her mother and was dependent upon relatives for everyday needs. Under those circumstances her estimate of costs of the family needs was understandably vague.